IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br>               Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JOSEPHINE DIANE STAHI, ) <br>               Defendants. ) <br> ) | Case No. CR05-30-N-EJL <br><br> **MEMORANDUM ORDER** |

Pending before the Court in the above-entitled matter is Defendant's notice of appeal (Docket No. 54) of the magistrate judge's decision on Defendant's detention. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument.

**FACTUAL AND PROCEDURAL BACKGROUND**

On February 15, 2005, an indictment was entered against Defendant Josephine Stahi for conspiracy to distribute over 50 grams of a mixture or substance containing cocaine. Magistrate Judge Boyle appointed defense counsel, Terrence M. Ryan, at Defendant's arraignment held the same day. In April 2005, Defendant asked defense counsel to withdraw, indicating that she was seeking representation through her tribe. (Docket No. 27, p. 2). On April 25, 2005, this Court

granted Defendant's oral motion for new counsel and provided Defendant with five days to find counsel through her tribe. If Defendant was unsuccessful in this attempt, however, the Court indicated that the Court would appoint new counsel. (Docket No. 29, p. 1). On May 19, 2005, the Court appointed Julian E. St. Marie as counsel for Defendant. St. Marie appeared with Defendant at her arraignment proceeding before Magistrate Judge Williams on June 1, 2005, as well as a Detention Hearing, held June 9, 2005. Judge Williams reviewed the detention order previously entered (Docket No. 5) and determined detention pending trial was appropriate under the facts of this case and this particular defendant. (Docket No. 50, p. 1). Trial is currently set for July 17, 2005. On June 12, 2005, Defendant, in her individual capacity, filed a notice of appeal of Judge William's decision of detention.

## DISCUSSION

A defendant represented by counsel cannot file pro se motions. United States v. Gallardo, 915 F.Supp. 216, 218 n. 1 (D. Nevada 1995). While a defendant has the right to effective legal representation and the right to appear pro se, the two rights are disjunctive. United States v. Halbert, 640 F.2d 1000 (9th Cir. 1981). Representation by counsel and self-representation are mutually exclusive, such that assertion of one constitutes a de facto waiver of the other. United States v. Johnson, 223 F.3d 665, 668 (7th Cir. 2000) (citing Cain v. Peters, 972 F.2d 748, 750 (7th Cir. 1992) and United States v. Singleton, 107 F.3d 1091, 1096 (4th Cir. 1997)). Thus, when a defendant is represented by counsel, the fact of representation is taken to be the defendant's waiver of the right to self-representation. Id.

Defendant filed her notice of appeal on June 15, 2005. The notice is signed only by Defendant and refers to Defendant in the first-person ("I would like to submit a notice of appeal..."). (Docket No. 54, p. 1). Thus, it appears the notice of appeal was submitted on Defendant's own behalf, that is, submitted pro se. This Court, however, appointed counsel to represent Defendant on May 19, 2005. Therefore, when Defendant filed her notice of appeal, she was represented by counsel and such representation operated as a waiver of Defendant's right to self-representation. As a result of Defendant's representation by counsel, this Court need not consider her pro se motion.

**ORDER**

Based on the foregoing, and being fully advised in the premises, IT IS HEREBY ORDERED that Defendant's appeal (Docket No. 54) is summarily DENIED without prejudice.

DATED: **June 30, 2005**

Honorable Edward J. Lodge
U. S. District Judge